[Cite as *E. Wayne Joint Fire Dist. v. Sugar Creek Twp. Bd. of Trustees*, 2019-Ohio-2480.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

EAST WAYNE JOINT FIRE DISTRICT

     Appellee

     v.

SUGAR CREEK TOWNSHIP BOARD OF
TRUSTEES

     Appellant

C.A. No.     17AP0038

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2016-CVC-H 000318

DECISION AND JOURNAL ENTRY

Dated: June 24, 2019

CARR, Judge.

{¶1} Defendant-Appellant Sugar Creek Township Board of Trustees appeals the judgment of the Wayne County Court of Common Pleas. This Court reverses and remands the matter for further proceedings consistent with this decision.

I.

{¶2} Plaintiff-Appellee East Wayne Joint Fire District was originally formed by a resolution passed by the Village of Dalton, Baughman Township, Sugar Creek Township, and the Village of Marshallville. In 2014, an amended resolution was passed by the political subdivisions. The amended resolution provided that East Wayne Joint Fire District was to be funded by the member political subdivisions based upon amounts set forth in the amended resolution. The amended resolution stated that the sums are "for fire protection services."

{¶3} In 2015, individuals running for Sugar Creek Township Board of Trustees expressed an interest in withdrawing Sugar Creek Township from East Wayne Joint Fire District.

In the beginning of December 2015, Sugar Creek Township Board of Trustees approved a ten-year contract between Sugar Creek Township and East Wayne Joint Fire District for East Wayne Joint Fire District to provide service to Sugar Creek Township in the event it withdrew from East Wayne Joint Fire District. That contract was subject to the approval of the Wayne County Prosecutor.

{¶4} On December 28, 2015, Sugar Creek Township Board of Trustees voted to rescind the ten-year contract. A revised contract was presented, the only change being that it was a five-year contract instead of a ten-year contract. The five-year contract was approved. On December 30, 2015, East Wayne Joint Fire District voted to rescind the ten-year contract and approve the five-year contract. The five-year contract provided that East Wayne Joint Fire District would provide "fire protection emergency medical services" to Sugar Creek Township. The five-year contract specified that it would "become effective upon the withdrawal of Sugar Creek from [East Wayne Joint Fire District.]" The five-year contract did not have a certificate from the fiscal officer of Sugar Creek Township.

{¶5} In 2016, Sugar Creek Township Board of Trustees, which included a newly elected trustee, passed a resolution vacating and rescinding the approval and acceptance of the five-year contract between Sugar Creek Township and East Wayne Joint Fire District. The resolution stated that the five-year contract failed to include a certificate from the fiscal officer of Sugar Creek Township and asserted that a township trustee, who was also serving on the board of the East Wayne Joint Fire District, failed to abstain from involvement in the negotiation and execution of the contract. Sugar Creek Township Board of Trustees then adopted a resolution withdrawing Sugar Creek Township from the East Wayne Joint Fire District. Pursuant to R.C. 505.371(D), the withdrawal became effective in January 2017. *See* R.C. 505.371(D) ("On or

after the first day of January of the year following the adoption of the resolution of withdrawal, the municipal corporation or township withdrawing ceases to be a part of such district * * *.").

{¶6}    In June 2016, East Wayne Joint Fire District filed a complaint seeking declaratory judgment.  East Wayne Joint Fire District alleged in the complaint that the rescission of the five-year contract was improper and that voiding the five-year contract was a breach.  East Wayne Joint Fire District sought a declaration validating the five-year contract.  The complaint was subsequently amended.

{¶7}    Thereafter, East Wayne Joint Fire District moved for summary judgment.  East Wayne Joint Fire District asserted that the five-year contract was valid, that no certification by the fiscal officer was required, and that there was no conflict of interest because Trustee Matthew Nussbaum, who served on both boards, abstained from voting on the five-year contract.  Sugar Creek Township Board of Trustees opposed the motion arguing that East Wayne Joint Fire District utilized the wrong statute to create the district, the five-year contract was an unauthorized length, the five-year contract could not provide for fire and ambulance services as doing so would violate R.C. 505.44, the fiscal officer failed to issue a certificate for the five-year contract, and both Mr. Nussbaum and Melvin Wyss had conflicts of interests.  East Wayne Joint Fire District filed a reply and Sugar Creek Township Board of Trustees filed a sur-reply brief.

{¶8}    The trial court issued a judgment entry concluding the following:

The original establishment of the fire district was valid and properly established pursuant to law.  Even if [R.C. 505.375] applies, the five-year contract between Sugar Creek Township and the East Wayne [Joint] Fire District does not violate [R.C. 505.375] which limits contracts to three years "to furnish or receive *ambulance services or emergency medical services.*" * * * There is no mention of firefighting services.  The contract between Sugar Creek Township and the East Way[ne Joint] Fire District is not in violation of [R.C. 505.44] as at the time of the formation of the contract Sugar Creek Township was a member of the East Wayne [Joint] Fire District.  The contract is not void for a lack of a certificate from the township fiscal officer, as there was no financial obligation incurred at

the time of the formation of the [contract]. The court finds there was no conflict of interest of Mr. Wyss or improper participation in the contract discussions.

The court finds the five-year contract between the fire district and the township is valid and enforceable and the Sugar Creek Board of Trustees['] decision to void or rescind the contract was improper.

(Emphasis sic.)

**{¶9}** Sugar Creek Township Board of Trustees has appealed, raising six assignments of error for our review, which will be addressed out of sequence to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR V

THE CONTRACT BETWEEN SUGAR CREEK TOWNSHIP AND THE EAST WAYNE FIRE DISTRICT IS VOID DUE TO A CONFLICT OF INTEREST, AND IS IN VIOLATION OF PUBLIC POLICY.

**{¶10}** Sugar Creek Township Board of Trustees argues in its fifth assignment of error that Mr. Nussbaum and Mr. Wyss had conflicts of interest which resulted in the five-year contract being void. Thus, Sugar Creek Township Board of Trustees contends that the trial court erred in concluding otherwise.

**{¶11}** From the trial court's judgment entry, it does not appear that the trial court considered whether Matthew Nussbaum had a conflict of interest which would render the five-year contract void. Notably, with respect to the conflict of interest issue, the trial court's judgment entry states only that, "[t]he court finds there was no conflict of interest of Mr. Wyss or improper participation in the contract discussions." Yet, both parties also discussed Mr. Nussbaum's alleged improper role in the contract discussions in their summary judgment briefs and on appeal. Given the arguments made below and on appeal, it could be argued that the second clause of the sentence in the judgment entry referred to Mr. Nussbaum; however, in its summary judgment filings, Sugar Creek Township Board of Trustees asserted that *both* Mr.

Nussbaum and Mr. Wyss were improperly involved in contract discussions. Thus, given that the trial court only referred to Mr. Wyss in its judgment entry, we cannot say that the trial court considered this issue. This Court is a reviewing court, and as such, we would be exceeding the scope of our role if we were to consider this issue in the first instance. *See Huntington Natl. Bank v. Anderson*, 9th Dist. Lorain No. 17CA011223, 2018-Ohio-3936, ¶ 32.

{¶12} Thus, we sustain Sugar Creek Township Board of Trustees' fifth assignment of error to the extent the trial court failed to address whether Mr. Nussbaum's involvement in the contracts created a conflict of interest which voided the five-year contract.

### ASSIGNMENT OF ERROR I

THE ORIGINAL ESTABLISHMENT OF THE EAST WAYNE JOINT FIRE DISTRICT WAS INVALID BECAUSE IT WAS CREATED UNDER THE AUTHORITY OF THE WRONG STATUTE.

### ASSIGNMENT OF ERROR II

THE CONTRACT BETWEEN SUGAR CREEK TOWNSHIP AND THE EAST WAYNE FIRE DISTRICT IS INVALID.

### ASSIGNMENT OF ERROR III

A TOWNSHIP IS PROHIBITED FROM CONTRACTING WITH A FIRE DISTRICT FOR AMBULANCE SERVICES UNDER STATE LAW.

### ASSIGNMENT OF ERROR IV

THE TOWNSHIP FISCAL OFFICER FAILED TO PROVIDE A CERTIFICATE PRIOR TO THE APPROVAL OF THE CONTRACT, AS REQUIRED BY STATE LAW.

### ASSIGNMENT OF ERROR VI

THE CONTRACT BETWEEN SUGAR CREEK TOWNSHIP AND THE EAST WAYNE FIRE DISTRICT VIOLATES PUBLIC POLICY AND IS UNCONSCIONABLE.

{¶13} Sugar Creek Township Board of Trustees has raised five other assignments of error addressing why it believes the trial court erred in concluding the five-year contract was

valid. However, given our resolution of the fifth assignment of error, we conclude that it would be premature to address these arguments at this time. If the trial court were to conclude that Mr. Nussbaum did have a conflict of interest that rendered the five-year contract void, there would no reason to consider these additional arguments.

### III.

**{¶14}** Sugar Creek Township Board of Trustees' fifth assignment of error is sustained to the extent discussed above. The remaining assignments of error are premature. The judgment of the Wayne County Court of Common Pleas is reversed, and this matter is remanded for the trial court to consider in the first instance whether Mr. Nussbaum had a conflict of interest which resulted in the five-year contract being void.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ALFRED E. SCHRADER, Attorney at Law, for Appellant.

DAVID C. COMSTOCK, JR., Attorney at Law, for Appellee.

MICHAEL G. BUYTENDYK, Attorney at Law, for Appellee.